**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-23559-LFL

HONESTY L. TRUTH,

     Plaintiff,

v.

TACO BELL CORP., *et al.*,

     Defendants.

_____/

## **REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. This matter was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. Because I find that dismissal of this case is warranted and I do not presently have authority to issue a dispositive order, I am issuing this Report and Recommendation. I have separately entered an Order directing the Clerk to reassign this case to a District Judge of this Court.

For the following reasons, I respectfully **RECOMMEND** that this action be **DISMISSED**, **without prejudice**.

**I.      DISCUSSION**

On May 21, 2026, the undersigned issued an Order Regarding Nonpayment of Filing Fee, (ECF No. 6). The Order instructed Plaintiff to either pay the $405.00 filing fee or file an application to proceed without prepayment of the fee by no later than June 22, 2026. *Id.* at 2. The Order warned Plaintiff that "**[t]he failure to comply with this Order may result in sanctions, including the dismissal without prejudice of this lawsuit.**" (*Id.* at 3) (emphasis in original). To date, Plaintiff has not paid the $405.00 filing fee or filed an application to proceed without prepayment of the filing fee.

On the same day, the undersigned also issued an Order to Show Cause regarding Plaintiff's suspected unauthorized use of an alias. (ECF No. 7). The Order to Show Cause noted that Plaintiff mailed her Complaint from a correctional facility and that the name and prisoner identification number did not match Plaintiff's name and that Plaintiff had filed 11 other cases, some of which were associated with the same prisoner's name. (*Id.* at 1 & n.1). The undersigned instructed Plaintiff to file, by no later than June 22, 2026, a response to the Show Cause Order identifying Plaintiff's true name, and if applicable, to file an amended complaint under her legal name. (*Id.* at 3). The Order to Show Cause warned Plaintiff that "**[t]he failure to comply with this Order may result in sanctions, including the dismissal without prejudice of this lawsuit.**" (*Id.* at 3) (emphasis in original). To date, Plaintiff has not responded to the Order to Show Cause.

On May 22, 2026, the Clerk of Court filed a Notice of Compliance, (ECF No. 8), indicating that both the Order Regarding Nonpayment of Filing Fee, (ECF No. 6), and the Order to Show Cause, (ECF No. 7), were mailed to Plaintiff at the address reflected on the docket.

"Pursuant to Fed. R. Civ. P. 41(b), a district court may *sua sponte* dismiss a plaintiff's action for failure to comply with the rules or any order of the court." *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006); *see also Taylor v. Nelson*, 356 F. App'x 318, 319 (11th Cir. 2009) (district court does not abuse its discretion by dismissing complaint for failure to comply with order to submit documentation or pay filing fee).

Plaintiff's failure to comply with the Court's Orders, (ECF Nos. 6, 7), or seek an extension of time in which to do so, warrants dismissal of this action without prejudice.[1]

---

[1] Dismissal "with prejudice" under Rule 41(b) "is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically

**II.     RECOMMENDATION**

For the above reasons, the undersigned respectfully **RECOMMENDS** that the Court dismiss this action without prejudice.

The Clerk of Court is instructed to mail a copy of this Report and Recommendation to Plaintiff.

A party shall serve and file written objections, if any, to this Report and Recommendation with the assigned United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 8th day of July, 2026.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

---

finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005). But "[c]ourts are afforded greater discretion in dismissing cases where dismissal is without prejudice." *Holmes v. Campbell*, No. 23-14066-CIV, 2024 WL 1077404, at *3 (S.D. Fla. Feb. 22, 2024) (citing *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718–19 (11th Cir. 2011)).