**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-23559-ALTMAN/Louis**

**HONESTY L. TRUTH**

     *Plaintiff,*

v.

**TACO BELL CORP.**, *et al.*,

     *Defendants.*

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On May 19, 2026, the Plaintiff filed the Complaint [ECF No. 1]. On July 8, 2026, U.S. Magistrate Judge Lauren F. Louis issued a Report and Recommendation (the "R&R") [ECF No. 11], explaining that the "Plaintiff has not paid the $405.00 filing fee or filed an application to proceed without prepayment of the filing fee," and that the Plaintiff "has not responded to [an] Order to Show Cause" instructing the Plaintiff to "identify[ ] Plaintiff's true name, and if applicable, to file an amended complaint under her legal name." R&R at 1–2. The R&R thus concluded that the Plaintiff's "failure to comply with the Court's Orders . . . or seek an extension of time in which to do so, warrants dismissal of this action without prejudice." *Id.* at 2.

Under Local Magistrate Rule 4(b), parties have fourteen (14) days from the date of being served with a copy of a Report and Recommendation within which to file written objections with the relevant United States District Judge. *See also* FED. R. CIV. P. 72(b)(3). Here, the fourteen-day deadline for filing objections has passed, and no objection has been filed. *See generally* Docket. When a magistrate judge's Report and Recommendation has been properly objected to, district courts must review that disposition *de novo*. *See* FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule

72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988).

Having reviewed the R&R, the record, and the applicable law—and finding no clear error on the face of the R&R—we hereby **ORDER and ADJUDGE** as follows:

1. The Report and Recommendation [ECF No. 11] is **ACCEPTED and ADOPTED** in full.

2. This action is **DISMISSED without prejudice**.

3. The Clerk of Court is **DIRECTED** to **CLOSE** this case. All deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in the Southern District of Florida on July 23, 2026.

———————————————————————
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record